UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICK C. COTTER, IN HIS CAPACITY AS TRUSTEE OF THE LEVEL III TRADING PARTNERS, L.P. LITIGATION TRUST<br><br>          PLAINTIFF<br><br>VERSUS<br><br>JENNIFER JUNG<br><br>          DEFENDANT | CIVIL ACTION NO. 15-1146<br><br>SECTION "I"<br><br>MAGISTRATE "3" |

### ANSWER TO COMPLAINT
### FOR AVOIDANCE OF TRANSFERS

**NOW INTO COURT,** comes Jennifer Jung (hereafter, "Defendant"), who, through undersigned counsel, and in response to the Complaint for Avoidance of Transfers (the "Complaint") filed by Patrick C. Cotter, in his capacity as Trustee of the Level III Trading Partners, L.P. Litigation Trust, hereby states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Plaintiff is not entitled to relief requested in that the alleged transfer was (1) in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant; (2) was made in the ordinary course of business or financial affairs of the Debtor and Defendant; and, (3) was made according to ordinary business terms.

### THIRD DEFENSE

11 U.S.C. § 547(c)(4) bars Plaintiff from avoiding any transfers by Debtor to Defendant because after such transfers, Defendant gave new value to or for the benefit of the Debtor not secured by an otherwise unavoidable security interest and on account of which new value Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

### FOURTH DEFENSE

Debtor was not insolvent within the meaning of 11 U.S.C. §547(b) at the time of the alleged transfers.

### FIFTH DEFENSE

Debtor's payment to Defendant was not for or on account of an antecedent debt owed to the Debtor by Defendant, but rather made contemporaneously and for new value given to the Debtor; by reason of the foregoing, the payment by Debtor to Defendant does not fall within the meaning of a preferential transfer under 11 U.S.C. § 547.

### SIXTH DEFENSE

The transfers were intended by Defendant and the Debtors to be contemporaneous exchanges for new value and were, in fact, substantially contemporaneous exchanges pursuant to 11 U.S.C. § 547(c)(1).

### SEVENTH DEFENSE

Debtor received a reasonable equivalent value in exchange for Debtor's payment to Defendant; by reason of the foregoing, the payment by Debtor does not qualify as a fraudulent or preferential transfer or obligation under 11 U.S.C. § 548.

## EIGHTH DEFENSE

Debtor was not insolvent within the meaning of 11 U.S.C. §548 at the time of the alleged transfers.

## NINTH DEFENSE

Debtor received a reasonably equivalent value in exchange for the alleged transfer.

## TENTH DEFENSE

Defendant did not receive more than Defendant would have received if the transfers had not been made and this case was a Chapter 7 proceeding.

## ELEVENTH DEFENSE

Plaintiff's claim is barred by prescription and/or preemption.

## TWELFTH DEFENSE

Plaintiff's claim is barred by the good faith defense in the Alabama Fraudulent Transfer Act.

## THIRTEENTH DEFENSE

Plaintiff's claim is barred by the shelter defense in the Alabama Fraudulent Transfer Act.

## FOURTEENTH DEFENSE

Defendant reserves the right to supplement and amend its affirmative defenses.

**IN FURTHER DEFENSE**, as by way of response, Defendant responds to the specifically numbered paragraphs in the Complaint as follows:

1.

The allegations contained in Paragraph 1 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

2.

The allegations contained in Paragraph 2 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

3.

The allegations contained in Paragraph 3 of the Complaint are conclusions of law to which no response is required.

4.

The allegations contained in Paragraph 4 of the Complaint are conclusions of law to which no response is required.

5.

The allegations contained in Paragraph 5 of the Complaint are conclusions of law to which no response is required.

6.

The allegations contained in Paragraph 6 of the Complaint are conclusions of law to which no response is required.

7.

The allegations contained in Paragraph 7 of the Complaint require no response from Defendant.

8.

The allegations contained in Paragraph 8 of the Company require no response from Defendant, but are incorrect.  Defendant is not domiciled in Daphne, Alabama, but is instead domiciled in Baton Rouge, Louisiana.

9.

The allegations contained in Paragraph 9 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

10.

The allegations contained in Paragraph 10 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

11.

The allegations contained in Paragraph 11 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

12.

The allegations contained in Paragraph 12 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

13.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

14.

The allegations contained in Paragraph 14 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

15.

The allegations contained in Paragraph 15 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

16.

The allegations contained in Paragraph 16 of the Complaint are denied. Defendant did not know that Level III was fraudulent and insolvent when she received redemption payments. Defendant was not "tipped" by anyone to withdraw her investment from Level III, but instead withdrew her investment to cover expenses for her daughter's wedding.

17.

The allegations contained in Paragraph 17 of the Complaint are denied for is denied for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein. Nonetheless, Defendant did receive three (3) payments from Level III, but Defendant does not know the exact amounts of the distributions or the exact date received.

18.

The allegations contained in Paragraph 18 of the Complaint are denied.

19.

The allegations contained in Paragraph 19 of the Complaint are conclusions of law to which no response is required.  However, to the extent an answer is deemed necessary, the allegations contained in Paragraph 19 of the Complaint are denied.

20.

The allegations contained in Paragraph 20 of the Complaint are conclusions of law to which no response is required.  However, to the extent an answer is deemed necessary, the allegations contained in Paragraph 20 of the Complaint are denied.

21.

The allegations contained in Paragraph 21 of the Complaint are conclusions of law to which no response is required.  However, to the extent an answer is deemed necessary, the allegations contained in Paragraph 21 of the Complaint are denied.

22.

The allegations contained in Paragraph 22 of the Complaint are conclusions of law to which no response is required.  However, to the extent an answer is deemed necessary, the allegations contained in Paragraph 22 of the Complaint are denied.

23.

The allegations contained in Paragraph 23 of the Complaint are conclusions of law to which no response is required.  However, to the extent an answer is deemed necessary, the allegations contained in Paragraph 23 of the Complaint are denied.

24.

The allegations contained in Paragraph 24 of the Complaint are conclusions of law to which no response is required. However, to the extent an answer is deemed necessary, the allegations contained in Paragraph 24 of the Complaint are denied.

25.

The allegations contained in Paragraph 25 of the Complaint are conclusions of law to which no response is required. However, to the extent an answer is deemed necessary, the allegations contained in Paragraph 25 of the Complaint are denied.

26.

The allegations contained in Paragraph 26 of the Complaint are conclusions of law to which no response is required. However, to the extent an answer is deemed necessary, the allegations contained in Paragraph 26 of the Complaint are denied.

27.

The allegations contained in Paragraph 27 of the Complaint are conclusions of law to which no response is required. However, to the extent an answer is deemed necessary, the allegations contained in Paragraph 27 of the Complaint are denied.

28.

The allegations contained in Paragraph 28 of the Complaint are conclusions of law to which no response is required. However, to the extent an answer is deemed necessary, the allegations contained in Paragraph 28 of the Complaint are denied.

29.

The allegations contained in Paragraph 29 of the Complaint require no response from Defendant. However, to the extent an answer is deemed necessary, the allegations contained in Paragraph 29 of the Complaint are denied.

30.

The allegations contained in Paragraph 30 of the Complaint are denied.

31.

The allegations contained in Paragraph 31 of the Complaint are denied.

32.

The allegations contained in Paragraph 32 of the Complaint are denied.

33.

The allegations contained in Paragraph 33 of the Complaint require no response from Defendant. However, to the extent an answer is deemed necessary, the allegations contained in Paragraph 33 of the Complaint are denied.

34.

The allegations contained in Paragraph 34 of the Complaint are denied.

35.

The allegations contained in Paragraph 35 of the Complaint are denied.

36.

The allegations contained in Paragraph 36 of the Complaint are denied.

37.

The allegations contained in Paragraph 37 of the Complaint are denied.

**WHEREFORE**, Defendant, Jennifer Jung, having fully responded to the allegations of the Complaint for Avoidance of Transfers, requests that the Court enter an Order finding in favor of Defendant, Jennifer Jung, dismissing the Complaint for Avoidance of Transfers with prejudice and awarding all costs, including attorney's fees, for this proceeding to Defendant, Jennifer Jung.  Defendant, Jennifer Jung, further prays for such other and further relief as this Court may deem sufficient.

Respectfully submitted:

**KINGSMILL RIESS, L.L.C.**

By:  *s/ Christy R. Bergeron*
Marguerite K. Kingsmill (Bar #7347)
Christy R. Bergeron (Bar #22944)
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170
Telephone:  (504) 581-3300
Facsimile:  (504) 581-3310
E-mail:  mkingsmill@kingsmillriess.com
E-mail:  cbergeron@kingsmillriess.com

*Attorneys for Jennifer Jung*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 16th day of September, 2015, I electronically filed the foregoing Answer to Complaint to Avoid and Recover Preferential Transfers with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/ Christy R. Bergeron*
Christy R. Bergeron

S:\Jung, Jennifer - 1307\001 Level III Trading Partners\Pleadings - USDC #15-1146 (Jung)\150916 Answer to Complaint.doc
Page 10